OPINION
Defendant-appellant Douglas McDaniel appeals his conviction and sentence in the Delaware County Court of Common Pleas on one count of involuntary manslaughter with a gun specification. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On January 6, 1997, appellant was drinking and smoking marijuana with his cousin, Shane Gale; the decedent, Marissa Griffin; and Matt Long. Von Lewis was also present, but did not partake of the marijuana and alcohol. They were gathered in the living room of a house at 119 North Union Street in Delaware, Ohio. During the party, Gale produced a twelve gauge shotgun, which he had borrowed from a friend. Gale allegedly told appellant the gun was unloaded. Appellant took the gun and proceeded to pump it, which caused the weapon to discharge. A bullet struck Marissa Griffin above the right eye, and passed through her head. Griffin died as a result of this wound.
Appellant, Gale, Long, and Lewis were taken to the Delaware City Police Department. Appellant submitted to a blood alcohol test. The results revealed a BAC level of .026 percent. The police performed no tests to determine whether other drugs were present in appellants' system. During an interview with appellant, officers asked him to describe how "high" he felt. Appellant indicated he felt he was intoxicated at a level of 8, on a scale of 1 to 10.
On January 24, 1997, the Delaware County Grand Jury indicted appellant on one count of involuntary manslaughter, in violation of R.C. 2903.04, with a firearm specification, pursuant to R.C.2941.141(A). The indictment also charged appellant with one count of negligent homicide, in violation of R.C. 2903.05
Appellant's trial began on June 16, 1997. During the course of the trial, Shane Gale testified he was unable to remember the events of January 6, 1997. Gale further testified he had been truthful before the Grand Jury, but was unable to recall the questions he had been asked and the answers he had given. The State moved to have Gale's grand jury testimony read into the record pursuant to Evid.R. 803(5), as a past recollection recorded. Defense counsel objected. The trial court overruled the objection. Thereafter, the court reporter read the testimony into the record. When the State recalled Gale to the stand two days later, he remained unable to recollect his grand jury testimony. Gale again testified he was truthful in his testimony to the Grand Jury. Defense counsel then cross-examined Gale.
The State also introduced evidence of the combined effects of marijuana and alcohol. Detective Leatherman testified the combined effects of marijuana and alcohol might produce an intoxication level higher than that revealed by a BAC test. Defense counsel objected to this evidence. The trial court overruled the objection.
At the close of evidence, the trial court instructed the jury on the applicable law. The trial court further instructed the jury not to consider the charge of negligent homicide unless they found appellant not guilty of voluntary manslaughter. After deliberations, the jury found appellant guilty of involuntary manslaughter with a firearm specification. On August 22, 1997, the trial court sentenced appellant to four years in prison on the involuntary manslaughter charge, and one year on the gun specification. The court ordered these terms to run consecutively.
This verdict and sentence were memorialized in judgment entries dated June 19, 1997, and August 22, 1997, respectively. It is from these judgment entries appellant prosecutes this appeal, raising the following two assignments of error:
 I. THE TRIAL COURT ERRED IN ADMITTING SHANE GALE'S GRAND JURY TESTIMONY.
 II. THE TRIAL COURT ERRED IN PERMITTING TESTIMONY ABOUT THE CUMULATIVE EFFECTS OF ALCOHOL AND MARIJUANA.
Upon review of the record, including the judgment entries dated June 19, 1997 and August 22, 1997, we find no disposition of the negligent homicide charge as contained within the indictment. As such, we find there is no final appealable order in this case pursuant to R.C. 2505.02. Accordingly, we dismiss this appeal for want of jurisdiction.
By: Hoffman, J. Gwin, P.J., and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, this appeal is ordered dismissed for want of jurisdiction. Costs assessed to appellant.